UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


United States of America


    v.                                                    Criminal No. 03-cr-10362-PBS


Christopher Sugar


**Motion to Suppress Evidence**

Now comes the Defendant in the above-entitled matter and hereby respectfully moves this Honorable Court, pursuant to Rule 12 of the Federal Rules of Criminal Procedure, to suppress as evidence against him any and all items seized from him and/or his possessions.

The defendant states that these items were seized as a result of the warrantless stop and arrest of the defendant and his vehicle that took place on or about October 22, 2003, in Phelps County, Missouri.  The defendant further moves to suppress any "fruit" of the arrest and search, including but not limited any identifications.

As grounds therefore, it is stated that the items were seized in the absence reasonable suspicion, probable cause or a search warrant, and in violation of the Fourth Amendment to the United States Constitution.

The defendant requests an evidentiary hearing on this motion. Please see attached memorandum of law.


Christopher Sugar
By his attorney,

Mark W. Shea
BBO No. 558319
Shea, LaRocque & Wood, LLP
47 Third Street, Suite 201
Cambridge, MA  02141-1265
617.577.8722
mwshea@slrw.net

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

United States of America

vs.                                                    Criminal No. 03-cr-10362-PBS

Christopher Sugar

## MEMORANDUM IN SUPPORT OF MOTION TO SUPPRESS EVIDENCE

### Issue Presented

Whether the stop of the defendant's vehicle by local law enforcement officers violated his rights under the Fourth Amendment because it was not based on probable cause or a reasonable suspicion that he had committed a crime, where the police did not observe a violation of any traffic laws, and where the stop was merely pretext to search the car.[1]  In addition, defendant requests an evidentiary hearing in this matter.

### Facts

The government has provided numerous reports detailing its investigation of co-defendants in this case.  However, the only relevant facts relate to the stop and search of Mr. Sugar's motor vehicle in Phelps County, Missouri on October 22, 2003.

As set forth in the Mr. Sugar's affidavit, at noon on October 22, 2003, he was driving a borrowed recreational vehicle (RV) on I-44 in Phelps County, Missouri.  Sean Stark, a co-defendant in this case, was seated in the front passenger seat next to him.  In the direction Mr. Sugar drove, I-44 has two lanes.  Mr. Sugar drove the vehicle in the right hand lane and came up behind a tractor-trailer.  As Mr. Sugar was getting ready to change lanes and pass, he noticed a police cruiser in the blindspot camera in the RV.  As a result, he drove carefully, committing no motor vehicle infraction.

Mr. Sugar observed the police car shift into the left lane.  It remained in that spot, the left rear from Mr. Sugar's perspective, for a few seconds.  The officer then activated the lights on the car.  Subsequently, the police car swung back behind the RV, and Mr. Sugar pulled over near a highway exit ramp.  In total, Mr. Sugar had not driven more than a half mile from the time he saw the police car to the time he was signaled to pull over.

---

[1]  The defendant respectfully reserves the right to supplement this memorandum as discovery reveals further grounds for suppression.  Specifically, the reliability of the drug sniffing dog and the Phelps County Sherriff's Department's history of making pretextual stops.

Officer Carmello Crivello of the Phelps County Sherriff's department approached the driver's side of the vehicle. Because there is no driver's side door on the RV, officer Crivello approached the passenger side, and Mr. Stark opened the door. Officer Crivello said that he had pulled the RV over because it crossed the highway line on the righthand side of the road. Both men produced a valid license, a valid car registration, and a hand-written note of permission to borrow the RV. Officer Crivello asked if he could come aboard the RV and take a look inside and Mr. Stark denied the request.

Officer Crivello ordered the men out of the vehicle and led Mr. Sugar to the police cruiser. There, he again asked permission to board the RV, and Mr. Sugar denied the request stating that he did not own the vehicle. Officer Crivello questioned Mr. Stark afterwards. Next, officer Crivello radioed for back up, and within a matter of minutes, several officers arrived with a drug-sniffing dog. After walking around the vehicle several times, the dog apparently made a signal to the police. Several officers boarded the RV and searched it. An officer came out of the RV and asked Mr. Stark and Mr. Sugar if they had a key to a closet door in the RV, and Mr. Sugar did not. Eventually, the police opened the closet door and found 376 pounds of marijuana inside. Mr. Sugar is currently charged with possession with intent to distribute marijuana and conspiracy to distribute marijuana.

## ARGUMENT

**The Stop Of The Defendant's Vehicle By Local Law Enforcement Officers Violated His Rights Under The Fourth Amendment Where It Was Not Based On Probably Cause Or A Reasonable Suspicion That He Had Committed A Crime, Where The Police Did Not Observe A Violation Of Any Traffic Laws And Where The Stop Was Merely A Pretext To Search The Car.**

In this case, the defendant contends that the stop and search of his vehicle was not based on probable cause to believe he had committed a crime. In fact, he contends that the police lacked probable cause to believe he committed a traffic offense prior to stopping his car. Where the stop was a mere pretext not based on probable cause or even a reasonable suspicion of illegal activity, the resulting search violated his rights under the Fourth Amendment. The defendant is entitled to suppression of the fruits of that unlawful search.

Police may validly stop a vehicle if they have probable cause to believe that a traffic offense has occurred, even if the offense is minor and the stop is merely a pretext to investigate other crimes. See Arkansas v. Sullivan, 532 U.S. 769, 772 (2001); Whren v. United States, 517 U.S. 806, 810, 813 (1996); United States v. Andrade, 94 F.3d 9, 10-11 (1st Cir. 1996). The officers' subjective motivation is deemed irrelevant for Fourth Amendment purposes, as long as their conduct does not exceed what they are objectively authorized to do. Id.

In absence of a traffic violation or some other reasonable suspicion of criminal activity, the detention of a motorist violates the Fourth Amendment. United States v. Lopez-Soto, 205

2

F.3d 1101, 1106 (9th Cir. 2000); United States v. Lopez-Valdez, 178 F.3d 282, 287-89 (5th Cir. 1999); United States v. Hunguenin, 154 F.3d 547, 558 (6th Cir. 1998).

In this case, the police alleged that they stopped Mr. Sugar for failure to drive in a single lane. The defendant disputes that contention. He claims that he was aware that a police car was following him and that he took extra care to avoid violating any traffic laws. Even if this court credits the officer's contention that he crossed a lane marker, that observation did not justify the stop. See United States v. Freeman, 209 F.3d 464, 466 (6th Cir. 2000) (holding that one isolated incident of partially weaving into the emergency lane for a few feet an instant in time does not constitute a failure to keep the vehicle within a single lane); United States v. Gregory, 79 F.3d 973, 978 (10th Cir. 1996) (same).

Although the Supreme Court has authorized the police to make pretext traffic stops, courts have warned against the abuse of such authority. See id., 209 F.3d at 467-72 (Clay, Circuit Judge, concurring). In this case, the Mr. Sugar contends that the police have used such authority to conduct a questionable traffic stop, followed by a search for contraband. If this court credits the defendant's contention that no traffic offense took place, the resulting stop and search violated the defendant's right under the Fourth Amendment. He would be entitled to a suppression of all evidence obtained suppression of all evidence obtained as a direct or indirect result of that unlawful stop, including all physical evidence seized during the subsequent search of his person. See Murray v. United States, 487 U.S. 533, 536-37 (1988); Wong Sun v. United States, 371 U.S. 471, 487-88 (1963); United States v. Scott, 270 F.3d 30, 40 (1st Cir. 2001).

## CONCLUSION

Based on the authorities cited and the reasons above, the defendant requests that his motion to suppress be allowed.

Respectfully submitted,


Christopher Sugar
By his attorney,


Mark W. Shea
BBO No. 558319
47 Third Street
Suite 201
Cambridge, MA 02141
(617) 577-8722
Dated: March 31, 2004

3