UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

United States of America

vs.  Criminal No. 03-cr-10362-PBS

Christopher Sugar

**Defendant's Opposition to Government's Motion to Order Travel Arrangements**

NOW COMES Christopher Sugar, the defendant in the above-entitled matter, and hereby opposes, by and through undersigned counsel, the Government's Motion to Order Travel Arrangements as filed with this Court. The defendant does not oppose a Court order directing the U.S. Marshal's Office to arrange transportation on May 17, 18 or 19, 2004, but does oppose so much of the Government's motion that requests that this Court order the appearance of Mr. Sugar waived by his actions. In support of his Opposition, defendant states the following:

Mr. Sugar moved this Court to order travel and accommodations for the hearing on his motion to suppress on May 4, 2004 via hand-delivery with the Clerk's office, with copies hand-delivered to the U.S. Attorney's Office. Prior to that date, counsel for defendant had contacted the U.S. Marshal's Office in Boston and Tucson, and advised them that he was seeking to have the defendant transported to Boston for the hearing.

The clerk entered the motions for transportation into the Court's electronic filing system on May 6, 2004. The Assistant U.S. Attorney was also notified electronically on May 6, 2004. On Monday, May 17, 2004, undersigned counsel received an electronic notice that the Court had allowed co-defendant Sean Starks's motion for travel.[1] The

---

[1] Starks's motions were filed on May 11, 2004.

1

Court did not, however, act on defendant Sugar's motions. Undersigned counsel telephoned the Court to enquire as to Mr. Sugar's motions, and was informed that, because the motions had not yet been acted upon that the hearing would not go forward as originally scheduled for May 18, 2004. As of this writing, undersigned counsel has not been notified that his motions were acted upon.

    Wherefore, the defendant, Christopher Sugar, respectfully requests that he be transported to Massachusetts for his motion to suppress, or in the alternative, that he not be deemed by this Court to have waived his appearance at the hearing, as he filed a timely motion for transportation, and the failure of the U.S. Marshal to make sufficient travel arrangements is not the fault of the defendant.

    If timely travel arrangements cannot be made, the defendant moves that the evidentiary hearing on his motion to suppress be continued to another date.

Respectfully submitted,
Christopher Sugar
By his attorney

_____
Mark W. Shea
BBO No. 558319
Shea, LaRocque & Wood, LLP
47 Third Street, Suite 201
Cambridge MA  02141-1265
telephone:	617.577.8722
facsimile:	617.577.7897
e-mail:	mwshea@slrw.net